IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



VIRGINIA-PILOT MEDIA COMPANIES, LLC
and SCOTT DAUGHERTY,

        Plaintiffs,

v.                                  CIVIL ACTION NO. 2:14cv577

DEPARTMENT OF JUSTICE,

        Defendant.

**MEMORANDUM OPINION & ORDER**

Before the Court are cross Motions for Summary Judgment and Plaintiffs' Motion to Lift Stay on Discovery. ECF Nos. 28, 39, 44. On November 5, 2015, the Court held a hearing on these motions. The Department of Justice ("Defendant") asserts that they are the prevailing party because they have complied with the Freedom of Information Act ("FOIA") by releasing all non-exempt material to Plantiffs. Virginia-Pilot Media Co., LLC and Scott Daugherty, reporter for The Virginia Pilot, ("Plaintiffs") contend that they are the prevailing party because Defendant only released documents in response to the filing of this lawsuit and because Defendant is erroneously claiming certain material as exempt. Plaintiffs have also filed a Motion to Lift Stay on Discovery in order to obtain more information to evaluate whether the exemptions Defendant claims apply to the withheld material. ECF Nos. 44, 45. For the reasons stated herein, Defendant's Motion for Summary Judgment is **DENIED IN PART** finding that Defendant violated FOIA and **GRANTED IN PART** upholding the exemptions claimed for the withheld material. Plaintiffs' Motion for Summary Judgment is **GRANTED IN PART** finding Plaintiffs are the prevailing party and **DENIED IN PART** finding Defendant properly withheld

exempt material and denying Plaintiffs' request for an *in camera* inspection. Plaintiff's Motion to Lift Stay on Discovery is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

On May 17, 2013, two Federal Bureau of Investigation ("FBI") special agents were killed in Virginia Beach, Virginia during a training exercise involving a special technique called fast roping. Compl. ¶ 3, ECF No. 1. On May 30, 2013, Plaintiffs wrote a letter to the FBI requesting any reports or memos regarding the accident pursuant to the Freedom of Information Act ("FOIA"). Ex. A, ECF No. 1. On July 2, 2013, David M. Hardy, Section Chief, Record/Information Dissemination Section of the Records Management Division of the U.S. Department of Justice, Federal Bureau of Investigation, wrote a letter to Plaintiffs indicating that the May 30, 2013 FOIA request was received and review of the request was pending. Ex. B, ECF No. 30. On July 10, 2014, Defendant issued a letter to Plaintiffs indicating that 29 pages of material responsive to their FOIA request was recovered from a search of records but was being withheld pursuant to FOIA exemptions 5 U.S.C. §§ 552(b)(5), (b)(6), (b)(7)(C), and (b)(7)(E). Ex. B, ECF No. 1.

On July 30, 2014, Plaintiffs' counsel wrote a letter appealing Defendant's refusal to release records in response to their FOIA request. Ex. C, ECF No. 1. On August 7, 2014, Priscilla Jones, Supervisory Administrative Specialist for the U.S. Department of Justice, Office of Information Policy, sent a letter to Plaintiffs acknowledging receipt of their appeal. Ex. D, ECF No. 1. On October 23, 2014, by letter from Sean R. O'Neill, Chief, Administrative Appeals Staff, Defendant affirmed the decision not to release any material in response to Plaintiffs' FOIA request pursuant to exemptions 5 U.S.C. §§ 552(b)(5), (b)(6), (b)(7)(C), and (b)(7)(E). Ex. E, ECF No. 1. On November 7, 2014, Plaintiffs filed this action challenging Defendant's

compliance with FOIA and its withholding of records pursuant to the exemptions claimed. Compl., ECF No. 1. On December 31, 2014, Defendant filed its Answer reasserting application of exemptions 5 U.S.C. §§ 552(b)(5), (b)(6), (b)(7)(C), and (b)(7)(E) to the withheld material. ECF No. 10.

On April 1, 2015, "in an attempt to resolve this action without extensive litigation," Defendant conducted another search using a cut-off date of November 27, 2014, the date this suit was filed. Def.'s Mem. in Supp. of Mot. for Summ. J. 3, ECF No. 29. This search identified 889 pages of material responsive to Plaintiffs' FOIA request, of which Defendant released 65 partly redacted pages and an additional 23 pages identifying other pages that were entirely withheld and the exemptions claimed for the withheld material. *Id.* at 4; *see also* ECF No. 22. On April 4, 2015, Plaintiffs published a front page newspaper story about the FBI helicopter training accident citing the materials Defendant released. Ex. 1, ECF No. 42.

On May 7, 2015, Magistrate Judge Tommy Miller ordered Defendant to file its Motion for Summary Judgment with a *Vaughn* index by June 5, 2015 and stayed discovery until further order of the Court. On June 5, 2015, Defendant filed their Motion for Summary Judgment and Memorandum in Support and released 28 additional pages to Plaintiffs, including a redacted version of the 29 page report mentioned in Defendant's initial response to Plaintiffs' FOIA request. ECF Nos. 28, 29. This resulted in a total of 10 pages released in full, 83 pages released in part, and 796 pages withheld in full of the 889 responsive pages. Def.'s Mem. in Supp. of Mot. for Summ. J. 4.

On June 26, 2015, Plaintiffs filed a Motion for Summary Judgment, Opposition to Defendant's Motion for Summary Judgment, and a Motion to Lift Stay on Discovery. ECF Nos. 39, 41, 44. On July 2, 2015, Defendant filed its Reply to Plaintiffs' Response to Defendant's

Motion for Summary Judgment. ECF No. 46. On July 10, 2015, Defendant filed an Opposition to Plaintiffs' Motion to Lift Stay on Discovery. ECF No. 51. On July 17, 2015, Defendant filed its Opposition to Plaintiffs' Motion for Summary Judgment. ECF No. 53. On July 27, 2015, Plaintiffs filed their Reply in Support of Motion for Summary Judgment. ECF No. 56.

On October 29, 2015, the Court scheduled a hearing on the pending motions for November 5, 2015. On November 5, 2015, a hearing was held on these matters, and the Court took them under advisement.

## II. LEGAL STANDARD

### A. Summary Judgment

Under Rule 56 of the Federal Rules of Civil Procedure, "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also McKinney v. Bd. of Trs. of Md. Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992) ("[S]ummary judgments should be granted in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the fact is not necessary to clarify the application of the law.") (citations omitted). In deciding a motion for summary judgment, the court must view the facts, and inferences to be drawn from the facts, in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal quotation marks omitted). Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on

4

which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The evidence "must create fair doubt; wholly speculative assertions will not suffice." *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 364 (4th Cir. 1985), *abrogated on other grounds by Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989); *see also Ash v. United Parcel Serv., Inc.*, 800 F.2d 409, 411-12 (4th Cir. 1986) (noting that the nonmoving party must offer more than unsupported speculation to withstand a motion for summary judgment). The Court must review cross-motions for summary judgment individually on their own merits to determine whether either of the parties is entitled to judgment as a matter of law. *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003).

**B. Freedom of Information Act**

A district court reviews a FOIA determination *de novo*. 5 U.S.C. § 552(a)(4)(B). The court should construe FOIA exemptions narrowly in favor of disclosure. *F.B.I. v. Abramson*, 456 U.S. 615 (1982); *Wickwire Gavin, P.C. v. U.S. Postal Serv.*, 356 F.3d 588, 591 (4th Cir. 2004). Further, FOIA determinations should generally be resolved on summary judgment. *Hanson v. U.S. Agency for Int'l Dev.*, 372 F.3d 286, 290 (4th Cir. 2004) (citing *Miscavige v. I.R.S.*, 2 F.3d 366, 369 (11th Cir. 1993)).

The burden is on the agency to sustain its action in response to a FOIA request. 5 U.S.C. § 552(a)(4)(B); *see also Willard v. I.R.S.*, 776 F.2d 100, 102 (4th Cir.1985) ("The agency refusing to release the information bears the burden of proving that its actions were correct."). An agency is entitled to summary judgment in a FOIA action if, viewing the facts in the light most favorable to the requestor, no material facts are in dispute with regard to the agency's compliance. *Rein v. U.S. Patent and Trademark Office*, 553 F.3d 353, 358 (4th Cir. 2009); *Wickwire*, 356 F.3d at 590. To prevail on a motion for summary judgment the agency must

5

demonstrate that each responsive document has been produced or is exempt. *Carter, Fullerton & Hayes, LLC v. F.T.C.*, 601 F. Supp. 2d 728, 734 (E.D. Va. 2009).

In response to a FOIA request, an agency must conduct a search that is "reasonably calculated to uncover all relevant documents." *Ethyl Corp. v. U.S. E.P.A.*, 25 F.3d 1241, 1246 (4th Cir. 1994); *see also Rein*, 553 F.3d at 362. An agency may prove the reasonableness of its search through "relatively detailed, nonclusory" affidavits submitted in good faith. *Carter, Fullerton & Hayes, LLC*, 601 F. Supp. 2d at 734 (citing *McCoy v. United States*, No. 1:04cv101, 2006 WL 463106 at *5 (N.D.W. Va. Feb. 24, 2006)) (internal quotation marks omitted). An agency may not rely on an affidavit that simply states that the search was conducted "consistent with customary practice and established procedure." *Ethyl*, 25 F.3d at 1246 (citing *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)) (internal quotation marks omitted). The affidavit must be "reasonably detailed, 'setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched'" to allow the requesting party to challenge the adequacy of the search. *Id.* at 1247.

A court shall accord substantial weight to an affidavit of an agency concerning their determination as to technical feasibility and reproducibility. 5 U.S.C. § 552(a)(4)(B). With respect to exemptions claimed, an affidavit must: "(1) describe the withheld documents and the justifications for nondisclosure with reasonably specific detail; (2) demonstrate that the information withheld falls logically within the claimed exemption; (3) remain uncontroverted by either contrary factual evidence in the record or by evidence of agency bad faith." *Pully v. I.R.S.*, 939 F. Supp. 429, 433 (E.D. Va. 1996) (citing *Young v. C.I.A.*, 972 F.2d 536, 538 (4th Cir. 1992)). The district court should uphold the Government's position "[i]f the Government fairly

describes the content of the material withheld and adequately states its grounds for nondisclosure, and if those grounds are reasonable and consistent with the applicable law." *Spannaus v. D.O.J.*, 813 F.2d 1285, 1289 (4th Cir. 1987) (quoting *Barney v. I.R.S.*, 618 F.2d 1268, 1272 (8th Cir. 1980)) (internal quotation marks omitted). The Fourth Circuit has further held, "The court is entitled to accept the credibility of the affidavits, so long as it has no reason to question the good faith of the agency." *Id.*

A party must provide more than conclusory statements in opposing a motion for summary judgment in a FOIA action. *Carter, Fullerton & Hayes, LLC*, 601 F. Supp. 2d at 734 (citing *Carter, Fullerton & Hayes, LLC v. F.T.C.*, 520 F. Supp. 2d 139 (D.D.C. 2007)). A plaintiff pursuing a FOIA action must establish that either: "(1) the *Vaughn* index does not establish that the documents were properly withheld; (2) the agency has improperly claimed an exemption as a matter of law; or (3) the agency has failed to segregate and disclose all non-exempt material in the requested documents." *Id.*

### III. DISCUSSION

**A. Defendant's Motion for Summary Judgment**

Defendant has filed a Motion for Summary Judgment on the grounds of mootness. Def.'s Mem. in Supp. of Mot. for Summ. J. 10, ECF No. 29. Defendant asserts that Plaintiffs' claim for relief under FOIA is moot because Defendant has provided Plaintiffs with all non-exempt responsive material to their FOIA request. *Id.* Defendant further asserts that it has complied with FOIA by turning over all non-exempt responsive materials and that FOIA Exemptions 5 and 7 create a privilege for the material that has been withheld. *Id.* at 12-23; Def.'s Reply 3-16, ECF No. 46. Therefore, Defendant argues that summary judgment should be granted in its favor because there is no genuine material issue of fact regarding its compliance with FOIA.

### i. Compliance with FOIA

On July 2, 2013, Defendant issued a letter acknowledging receipt of Plaintiffs' May 30, 2013 FOIA request. Ex. B, ECF No. 30. In response to Plaintiffs' FOIA request, the FBI Records Division initially searched its Central Records System and asked the Norfolk Field Office, the Inspection Division, and the Critical Incident Response Group for responsive records. Hardy Decl. ¶¶ 14-15, ECF No. 30. On July 10, 2014, over a year after the request was made and without any other communication regarding the status of the request, Defendant indicated that a 29 page report from the Inspection Division was the only responsive material located and was completely exempt from disclosure. Ex. B, ECF No. 1. Notably, Defendant admits that the last page of this report contains a table of contents incorporating other responsive documents. Def.'s Mem. in Supp. of Mot. for Summ. J. 5, ECF No. 29.

After this lawsuit was initiated, Defendant conducted another search on April 1, 2015 using the date that this suit was filed, November 7, 2014, as an extended cut-off date for the search. *Id.* at 3. Defendant concluded that the attachments to the 29 page report originally processed should be incorporated into the responsive documents. Hardy Decl. ¶ 16. As a result of this second search, the Critical Incident Response Group Surveillance and Aviation Section turned over 11 additional responsive documents. Def.'s Mem. in Supp. of Mot. for Summ. J. 6. Defendant indicated that this second search discovered a total of 889 pages of responsive material, of which Defendant released 10 pages in full, 83 pages in part, and withheld 796 pages entirely. *Id.* at 4.

Defendant describes its search process in response to FOIA requests as "first-in, first-out" and a "by-size tracking approach." Def.'s Opp'n to Pl.'s Mot. for Summ. J. 4, ECF No. 53; Hardy Second Decl. ¶ 5, ECF No. 53-1. Defendant cites finite resources and 4,434 other

pending requests as contributing to the delay in their response. Def.'s Opp'n to Pl.'s Mot. for Summ. J. 4-5; Hardy Second Decl. ¶¶ 4-5. Defendant also offers that the investigation was ongoing, and therefore Defendant kept this request open until completion of the 29 page report to respond to Plaintiffs' FOIA request. Hardy Second Decl. ¶¶ 7-12. Nevertheless, Defendant admits that it was aware of other responsive documents at the time of its initial search although it only disclosed the 29 page report in its initial response. *Id.* at ¶ 12. In its Opposition, Defendant argues that although it knew of additional responsive documents before Plaintiffs filed this lawsuit, no bad faith is established. Def.'s Opp'n to Pl.'s Mot. for Summ. J. 7.

Nevertheless, it is clear that Defendant failed to timely notify Plaintiffs of the status of their FOIA request. FOIA requires an agency to respond within 20 days of a request under the Act. 5 U.S.C. § 552(a)(6)(A)(i). This 20 day time period may only be extended to receive additional information from the requesting party, to clarify issues regarding fee assessment, or for unusual circumstances. 5 U.S.C. §§ 552(a)(6)(A)(ii)(I)-(II), (a)(6)(B)(i). The agency must provide written notice to the requesting party if an extension beyond the 20 day time period is required. 5 U.S.C. § 552(a)(6)(B)(i). Defendant failed to respond or provide written notice of an extension within the 20 day period mandated by FOIA. Defendant did not respond to Plaintiffs' FOIA request until over a year later and never communicated the need for additional information or unusual circumstances involving the request. While Defendant claims that the high volume of FOIA requests delayed their response, "a defendant's failure to produce documents due to backlog or administrative issues does not constitute a 'reasonable basis in law.'" *Jarno v. Dep't of Homeland Sec.*, 365 F. Supp. 2d 733, 740 (E.D. Va. 2005) (citing *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1390 (8th Cir. 1985)) (deciding the fourth factor in awarding attorney's fees in favor of plaintiff when the agency failed to respond within the FOIA statutory time frame).

9

Further, Defendant did not initially conduct an adequate search in compliance with the requirements of FOIA. The 29 page report originally disclosed as the only responsive material clearly identified other documents that were in existence at the time of the initial search. Defendant admits to knowledge of the existence of these documents and their failure to disclose or review for disclosure these additional documents until after this lawsuit was initiated. However, Defendant provides an inadequate explanation for the untimely disclosure of a substantial amount of additional responsive documents six months after this suit commenced despite being aware of their existence at the time of the initial search two years prior.

While FOIA does not require that "every single potentially responsive document has been unearthed," the agency must demonstrate that its search was "reasonably calculated to uncover all relevant documents." *Ethyl*, 25 F.3d at 1246 (internal quotation marks omitted). In *Ethyl*, the Fourth Circuit found that the EPA failed to meet its burden of showing that an adequate search was conducted because the release of 17 additional documents after a second FOIA request that were also responsive to the first FOIA request raised doubts about the adequacy of the initial search. *Id.* at 1248. Similarly, here Defendant failed to timely review documents in response to Plaintiffs' initial FOIA request, and despite admittedly being aware of their existence, Defendant did not disclose these documents until after this law suit was commenced. Therefore, Defendant failed to comply with FOIA's statutory response time and to initially conduct a reasonable search.

### ii. Exemptions

Defendant conducted a more thorough search after commencement of this lawsuit that identified 889 pages of material responsive to Plaintiffs' FOIA request, of which Defendant released 10 pages in full, 83 pages in part, and withheld 796 pages entirely. Def.'s Mem. in

Supp. of Mot. for Summ. J. 4, ECF No. 29; *see also* ECF No. 22. Plaintiffs have narrowed their FOIA request to the conclusions regarding the cause of the accident and the content of certain corrective actions the FBI implemented following the investigation, which Defendants claim as exempt categories of information. Opp'n to Def.'s Mot. for Summ. J. and in Supp. of Pls.' Mot. for Summ. J. 9, ECF No. 40. Defendant asserts that the deliberative process privilege ("Exemption 5") and the techniques and procedures for law enforcement investigations or prosecutions exemption ("Exemption 7") apply to these two categories of information Plaintiffs seek. Def.'s Reply 1, ECF No. 46.

Plaintiffs argue that the material concerning these two issues are not exempt because the FBI has published images and information on the Internet and in other mediums (books written by former agents and insider news reports) regarding fast roping, the training ground, and equipment agents use. *Id.* at 27-28. Plaintiffs make an "educated guess" about what the redacted material says regarding the cause of the accident, and although they concede that portions of the conclusion and corrective actions may be exempt, Plaintiffs "adamantly disagree, however, that every substantive portion falls within the scope of the claimed exemptions." *Id.* at 28-29. Plaintiffs assert that Defendant makes "conclusory statements and broad assertions" regarding applicability of the exemptions. *Id.* at 27.

The deliberative process privilege ("Exemption 5") exempts inter-agency or intra-agency memoranda or letters which would not be available by law to a party other than an agency in litigation with the agency. 5 U.S.C. § 552(b)(5). The Fourth Circuit has explained that the deliberative process privilege "encourages free-ranging discussion of alternatives; prevents public confusion that might result from the premature release of such nonbinding deliberations; and insulates against the chilling effect likely were officials to be judged not on the basis of their

11

final decisions, but for matters they considered before making up their minds." *City of Va. Beach v. U.S. Dep't of Commerce*, 995 F.2d 1247, 1252 (4th Cir. 1993); *see also Dep't of Interior v. Klamath Water Uses Protective Ass'n*, 532 U.S. 1, 8-9 (2001) ("The deliberative process privilege rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news . . ."). In order for the deliberative process privilege to apply, the Government must show that the material is both "predecisonal and deliberative." *City of Va. Beach*, 995 F.2d at 1253.

Exemption 7 exempts from disclosure under FOIA material that: "(E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. § 552(b)(7)(E)-(F). The Supreme Court has stated, "In most cases involving security information, it is not difficult to show that disclosure may 'endanger the life or physical safety of any individual.'" *Milner v. Dep't of Navy*, 562 U.S. 562, 582 (2011) (quoting 5 U.S.C. § 552(b)(7)(F)). However, the Government bears the burden of proving that disclosure of investigative procedures "would give rise to substantial likelihood that violators could evade detection by deliberately tailoring their conduct in anticipation of avenues of inquiry to be pursued by agency personnel." *Pully v. I.R.S.*, 939 F. Supp. 429, 438 (E.D. Va. 1996). In order to meet its burden, the Government must show that the technique that would be disclosed is not known to the general public. *Id.*

Defendant has met its burden of proving that the withheld material is privileged by the exemptions by providing sworn declarations from David M. Hardy, Section Chief, Record/Information Dissemination Section of the Records Management Division of the U.S.

12

Department of Justice, Federal Bureau of Investigation, describing the withheld material and explaining the basis for the claimed exemptions. Mr. Hardy explains that the deliberative process privilege applies to statements, recommendations, and considerations presented in the responsive documents, including factual information intertwined with analysis and opinion, because they reflect "the FBI's deliberation to determine what occurred and what corrective measures are necessary." Hardy Decl. ¶ 30, ECF No. 30. Mr. Hardy also explains that Exemptions 7 (E) and (F) apply because the records were compiled "in furtherance of the FBI's law enforcement, national security, and intelligence missions." *Id.* at ¶ 42. Defendant invokes Exemption 7(E) with respect to sensitive information regarding equipment used, details of training, internal identifying and contact information, a relationship with a non-FBI entity, and codes used in operations and training. *Id.* at ¶¶ 52, 55, 58, 59, 61, 62. Mr. Hardy asserts that disclosure of this information would risk circumvention of the law by terrorists and other criminals endangering the lives of agents, hostages, and others. *Id.* at ¶ 51.

Further, Defendant argues that Exemption 7(F) shields specific law enforcement techniques not known to the public. Defendant does not deny that there is information available to the public regarding the Hostage Rescue Team and Tactical Helicopter Unit on the Internet and in various other mediums. However, Defendant contends that how the FBI specifically trains for, evaluates, and executes its missions is not disclosed to the public. Def.'s Reply 9, ECF No. 46. Defendant asserts that contrary to commonly known procedures such as ballistics tests, fingerprinting, and well-known scientific tests, specific details about fast roping are not publicly available and are exempt from disclosure to protect the interests of the United States. *Id.* at 10.

Plaintiffs acknowledge that Defendant has released a majority of the information sought, which was sufficient for Plaintiffs to publish a front page news article on the matter. Plaintiffs still seek information about the conclusions regarding the cause of the accident and the content of certain corrective actions. However, Defendant has provided sufficiently detailed, rational, and nonconclusory explanations in its pleadings and declarations regarding why the withheld material is exempt. While Plaintiffs allege that Defendant makes conclusory assertions, Plaintiffs' challenges to the exemptions are in fact conclusory. Plaintiffs do not provide any evidence of bad faith in Defendant's withholding of material as exempt, and requiring Defendant to disclose further details would reveal the very information that is protected by the FOIA exemptions. The Court finds that Defendant has met its burden of showing that the withheld material is exempt through sufficiently detailed declarations, and there is no evidence that the material is being withheld in bad faith.

### B. Plantiffs' Motion for Summary Judgment

Plaintiffs have filed a Motion for Summary Judgment asserting that they are the prevailing parties in this suit because Defendant has violated FOIA. Opp'n to Def.'s Mot. for Summ. J. and in Supp. of Pls.' Mot. for Summ. J. 1, ECF No. 40. Plaintiffs assert that Defendant failed to timely respond to their FOIA request and did not conduct a proper search until after litigation commenced. *Id.* at 11-16. Plaintiffs argue that they are entitled to summary judgment as the prevailing party because their filing of this lawsuit was the "catalyst" for production of responsive documents and Defendant otherwise did not comply with the requirements of FOIA. *Id.* at 17-20. Plaintiffs also challenge the exemptions Defendant claims for material withheld from the responsive documents, specifically the conclusions regarding the cause of the accident and the content of certain corrective actions. *Id.* at 23-29.

Based on these assertions, Plaintiffs request an *in camera* review of the responsive material and request that the stay on discovery be lifted in order to determine whether the exemptions Defendant claims correctly apply to the withheld material. Opp'n to Def.'s Mot. for Summ. J. and in Supp. of Pls.' Mot. for Summ. J. 29; *see also* Mot. to Lift Stay on Disc., ECF No. 44. Plaintiffs also argue that they are entitled to attorney's fees because Defendant was "recalcitrant and obdurate" in failing to conduct an adequate search in response to their initial FOIA request. *Id.* at 20-23. Defendant argues that an *in camera* inspection is premature and that the Court should first consider the merits of their Motion for Summary Judgment. Def.'s Reply 18-20, ECF No. 46. Defendant asserts that if the Court finds that Defendant does not meet their burden of proving that the withheld material is exempt, then the Court should order an *in camera* inspection. *Id.*

### i. Prevailing Party

The Supreme Court has found a prevailing party to be one whose lawsuit resulted in the "material alteration of the legal relationship of the parties." *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 604 (2001) (quoting *Tex. State Teachers Ass'n v. Garland Indep. School Dist.*, 489 U.S. 782, 792-93 (1989)). According to FOIA, "a complainant has substantially prevailed if the complainant has obtained relief through either—(I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii). In the absence of a final judgment in a FOIA matter, in order for the requestor to be the prevailing party "the lawsuit must have resulted in the release of records that would not otherwise have been released." *Reinbold v. Evers*, 187 F.3d 348, 363 (4th Cir. 1999) (citing *Weisberg v. D.O.J.*, 745 F.2d 1476, 1496 (D.C. Cir. 1984)). However,

subsequent release of documents after the filing of a complaint is insufficient alone to establish causation and courts must consider whether the agency made a "good faith effort to search out material" upon notice of the request. *Weisberg*, 745 F.2d at 1496. Plaintiff bears the burden of showing that "the lawsuit was reasonably necessary and the litigation substantially caused the requested records to be released." *Am. Bird Conservancy v. U.S. Fish & Wildlife Serv.*, No. 1:13-CV-723, 2015 WL 3622459, at *4 (E.D. Va. June 9, 2015) (citing *Burka v. U.S. Dep't of Health and Human Servs.*, 142 F.3d 1286, 1288 (D.C. Cir. 1998) (internal quotation marks omitted); *see also* 5 U.S.C. § 552(a)(4)(E)(i).

The Court has found that Defendant failed to comply with the statutory response time and reasonable search requirements of FOIA. Defendant did not properly respond until after this suit was commenced - nearly two years after Plaintiffs' initial FOIA request. This suit caused Defendant to conduct an adequate search and disclose all responsive documents, which Defendant failed to do in response to Plaintiffs' initial FOIA request. Therefore, the Court finds that Plaintiffs are the prevailing party as a matter of law.

### ii. *In Camera* Review

Upon a complaint, a district court may enjoin an agency from withholding records and order the production of improperly withheld records. 5 U.S.C. § 552(a)(4)(B). The court may examine the records at issue *in camera* to determine whether they should be withheld pursuant to FOIA exemptions. *Id.* The Fourth Circuit has stated that the legislative history of § 552(a)(4)(B) "discloses a congressional intention that the judge need not inspect the document *in camera* or require its production. He may act on the basis of testimony or affidavits...." *Young v. C.I.A.*, 972 F.2d 536, 538 (4th Cir. 1992) (quoting *Alfred A. Knopf, Inc. v. Colby*, 509 F.2d 1362, 1367

(4th Cir. 1975)) (internal quotation marks omitted). Therefore, an abuse of discretion standard applies when reviewing a district court's decision not to conduct an *in camera* inspection. *Id.*

The Supreme Court has also made it clear that an *in camera* inspection is not always necessary. *E.P.A. v. Mink*, 410 U.S. 73, 93 (1973) ("Plainly, in some situations, *in camera* inspection will be necessary and appropriate. But it need not be automatic."). The Court held that an agency should be provided the opportunity to meet their burden through detailed affidavits or oral testimony establishing that the withheld material is exempt, and if an agency fails to meet its burden, the district court may order an *in camera* inspection. *Id.* The Court summarized, "In short, *in camera* inspection of all documents is not a necessary or inevitable tool in every case. Others are available." *Id.* at 93.

A court may order an agency to compile a *Vaughn* index to "assur[e] that allegations of exempt status are adequately justified." *Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973). An *in camera* review may be warranted if a *Vaughn* index is "facially inadequate" to serve as a substitute. *Rein v. U.S. Patent & Trademark Office*, 553 F.3d 353, 366 (4th Cir. 2009). In *Vaughn*, the court instructed that in creating an index an agency must "specify in detail which portions of the document are disclosable and which are allegedly exempt" through a system of itemizing and indexing that correlates statements explaining an exemption justification with the relevant portions of the document. *Vaughn*, 484 F.2d at 827. A *Vaughn* index must describe the withheld material with "reasonable specificity" for the district court to determine whether the material is exempt from disclosure. *Rein*, 553 F.3d at 368 (citing *Ethyl Corp. v. U.S. E.P.A.*, 25 F.3d 1241, 1250 (4th Cir. 1994)). If the index is too vague, the court must use other means to make the determination, such as an *in camera* review. *Id.*

As discussed above, the Court finds that Defendant has met its burden of showing that the exemptions claimed apply to the withheld material. The Court credits the declarations Mr. Hardy submitted on behalf of Defendant. The Court also finds the *Vaughn* index to contain adequate information to inform the Court's decision. There is no evidence that Defendant has withheld the material in bad faith. Finding the declarations and *Vaughn* index Defendant submitted to contain sufficient information to support their withholding of exempt material, the Court declines to conduct an *in camera* inspection.

### iii. Attorney's Fees

Plaintiffs assert that they are entitled to attorney's fees because of Defendant's failure to comply with FOIA, which in effect forced the filing of this lawsuit to compel the production of documents Plaintiffs sought in their FOIA request. Reply in Supp. of Pls.' Mot. for Summ. J. 7-10, ECF No. 56. Defendant argues that a fee award is premature and that the Court should decide the merits of the case first. Def.'s Opp'n to Pl.'s Mot. for Summ. J. 2. As aforementioned, the Court has now decided the merits of this case. Despite the procedural irregularity in requesting attorney's fees, the Court finds that Plaintiffs are entitled to attorney's fees.

FOIA provides that "courts may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). Attorney's fees are not automatically awarded but should be granted "where doing so will encourage fulfillment of the purposes of FOIA." *Nix v. United States*, 572 F.2d 998, 1007 (4th Cir. 1978). In evaluating whether attorney's fees are warranted in a FOIA dispute, courts often apply a two-step analysis. First, the court must determine whether the plaintiff substantially prevailed within the meaning

of the statute and is therefore eligible for attorney's fees. *Jarno v. Dep't of Homeland Sec.*, 365 F. Supp. 2d 733, 737 (E.D. Va. 2005) (citing *Tax Analysts v. D.O.J.*, 965 F.2d 1092, 1093 (D.C. Cir. 1992)). Next, the plaintiff must demonstrate that it is entitled to attorney's fees. *Id.* The court must evaluate four factors to decide whether plaintiff is entitled to an award of attorneys' fees, including: "(1) the public benefit derived from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding had a reasonable basis in law." *Id.* at 738; *see also Reinbold v. Evers*, 187 F.3d 348, 362 n.16 (4th Cir. 1999).

As discussed above, Plaintiffs are the prevailing party in this action because their filing of this suit caused Defendant to conduct a proper search and release all non-exempt responsive material. Plaintiffs argue that each of the four factors considered in awarding attorney's fees weigh in their favor. Plaintiffs allege that they are members of the media seeking information for the public's benefit and they had no commercial interest in obtaining the information requested. Plaintiffs further allege that the sole motivating factor for their FOIA request was to advise the public of the agency's activities in dealing with the tragic accident. Lastly, Plaintiffs contend that Defendant has no reasonable basis for withholding certain material because the exemptions claimed do not apply to the information requested.

The Court finds that the four factors considered in awarding attorney's fees weigh in Plaintiffs' favor. However, the fourth factor, whether the government's withholding had a reasonable basis in law, weighs in Plaintiffs' favor because Defendant improperly withheld material until after commencement of this lawsuit, not because the exemptions do not apply to the withheld material as noted above. Therefore, Plaintiffs are entitled to an award of attorney's fees, the amount to be determined upon further filings regarding this issue.

### C. Plaintiffs' Motion for Lift on Stay of Discovery

The Court has found that the withheld material is exempt from disclosure pursuant to FOIA exemptions. There are no further issues of fact to be resolved. It is clear that Plaintiffs are the prevailing party because of Defendant's failure to comply with FOIA. There is no need to litigate whether the exemptions apply. FOIA cases rarely require a trial, and FOIA determinations should generally be resolved on summary judgment. *Hanson v. U.S. Agency for Int'l Dev.*, 372 F.3d 286, 290 (4th Cir. 2004) (citing *Miscavige v. I.R.S.*, 2 F.3d 366, 369 (11th Cir. 1993)). The remaining issue of attorney's fees can be determined upon additional filings. Therefore, further discovery is not necessary in this matter.

### IV. CONCLUSION

For the reasons stated herein, Defendant's Motion for Summary Judgment is **DENIED IN PART** and **GRANTED IN PART**. The Court finds Defendant violated FOIA's statutory time to respond and failed to initially conduct a reasonable search in response to Plaintiffs' FOIA request. Plaintiffs' Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART**. The Court finds that Plaintiffs are the prevailing party, but Defendant properly withheld exempt material and an *in camera* inspection is declined. Plaintiffs' Motion to Lift Stay on Discovery is **DENIED**. Plaintiffs shall file documentation to support their request for attorney's fees within **FOURTEEN (14) DAYS)** of this Order.

The Clerk is **DIRECTED** to send a copy of this Order to counsel of record.

**IT IS SO ORDERED.**

Norfolk, Virginia
November 25, 2015

Raymond A. Jackson
United States District Judge