IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



VIRGINIA-PILOT MEDIA COMPANIES, LLC
and SCOTT DAUGHERTY,

        Plaintiffs,

v.                                    CIVIL ACTION NO. 2:14cv577

DEPARTMENT OF JUSTICE,

        Defendant.

## MEMORANDUM OPINION & ORDER

Before the Court is Virginia Pilot Media Companies, LLC and Scott Daugherty's ("Plaintiffs") Motion for Attorneys' Fees pursuant to the citizen suit provision of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(E), and Federal Rule of Civil Procedure 54(d). ECF No. 69. Plaintiffs request attorneys' fees and expenses incurred in litigating this suit. This matter has been fully briefed and is ripe for disposition. A hearing will not aid judicial determination. For the reasons set forth herein, Plaintiffs' Motion for Attorneys' Fees is **GRANTED** in part and **DENIED** in part.

### I. FACTUAL AND PROCEDURAL HISTORY

On November 7, 2014, Plaintiffs filed this action challenging Defendant's compliance with the Freedom of Information Act ("FOIA") in identifying only 29 pages of material in response to Plaintiffs' FOIA request and withholding all of the documents under claimed exemptions. Compl., ECF No. 1. On December 31, 2014, Defendant filed its Answer reasserting the application of exemptions to the withheld documents. ECF No. 10.

On April 1, 2015, Defendant conducted another search using the date this suit was filed as a cut-off date, which identified 889 pages of material responsive to Plaintiffs' FOIA request.

Def.'s Mem. in Supp. of Mot. for Summ. J. 3, ECF No. 29. Defendant then released 65 partly redacted pages and an additional 23 pages identifying other documents that were entirely withheld and the exemptions claimed for the withheld material. *Id.* at 4; *see also* ECF No. 22. On June 5, 2015, Defendant filed a Motion for Summary Judgment and released 28 additional pages of material responsive to Plaintiffs' FOIA request. ECF No. 28. This resulted in a total of 10 pages released in full, 83 pages released in part, and 796 pages withheld in full of the 889 responsive pages. Def.'s Mem. in Supp. of Mot. for Summ. J. 4, ECF No. 29.

On June 26, 2015, Plaintiffs filed a Motion for Summary Judgment, Opposition to Defendant's Motion for Summary Judgment, and a Motion to Lift Stay on Discovery. ECF Nos. 39, 41, 44. On July 2, 2015, Defendant filed its Reply in support of its Motion for Summary Judgment. ECF No. 46. On July 10, 2015, Defendant filed an Opposition to Plaintiffs' Motion to Lift Stay on Discovery. ECF No. 51. On July 17, 2015, Defendant filed its Opposition to Plaintiffs' Motion for Summary Judgment. ECF No. 53. On July 27, 2015, Plaintiffs filed their Reply in Support of their Motion for Summary Judgment. ECF No. 56.

On November 5, 2015, a hearing was held on these matters, and the Court took them under advisement. On November 25, 2015, the Court issued an Order granting in part and denying in part the Parties' Motions for Summary Judgment. ECF No. 610. The Court found that Defendant violated FOIA but upheld exemptions for withheld material and declined to conduct an *in camera* inspection. The Court also held that Plaintiffs were the prevailing parties.

On January 5, 2016, Plaintiffs filed a Motion for Attorneys' Fees with supporting exhibits. ECF No. 69. On February 5, 2016, Defendant filed its Response in Opposition. ECF No. 72. On February 19, 2016, Plaintiffs filed their Reply in Support of their Application for Attorney's Fees with supporting exhibits. ECF No. 73.

## II. LEGAL STANDARD

The touchstone of any award of attorneys' fees and expenses is reasonableness. *SunTrust Mortg., Inc. v. AIG United Guar. Corp.*, 933 F. Supp. 2d 762, 769 (E.D. Va. 2013) (quoting *E.I. DuPont de Nemours and Co. v. Kolon Indus., Inc.*, Civil Action No. 3:09cv058, 2013 WL 458532, at *2 (E.D. Va. Feb. 6, 2013)). The fee applicant bears the burden of demonstrating the reasonableness of its fee request, *Kenney v. A Touch of Patience Shared Hous., Inc.*, 779 F. Supp. 2d 516, 525 (E.D. Va. 2011), and of "providing sufficient detail in [its] records to explain and support [its] requests for fees and costs." *Andrade v. Aerotek, Inc.*, 852 F. Supp. 2d 637, 645 (D. Md. 2012). Indeed, "the party who seeks payment must keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed." *Hensley v. Eckerhart*, 461 U.S. 424, 441 (1983) (Burger, C.J., concurring).

To calculate an award of attorneys' fees the Court must determine a "lodestar fee." *Grissom v. The Miller Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008); *Brodziak v. Runyon*, 43 F.3d 194, 196 (4th Cir. 1998). The Supreme Court of the United States ("Supreme Court") has stated that there is a "strong presumption" that the lodestar figure represents a reasonable attorneys' fee award, which may be overcome only "in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553–54 (2010).

The lodestar fee is calculated by multiplying the number of reasonable hours expended times a reasonable rate. *Id.* The United States Court of Appeals for the Fourth Circuit ("the Fourth Circuit") has held that the *Johnson* factors must be applied in determining the reasonable hourly rates and hours expended. *See Daly v. Hill*, 790 F.2d 1071, 1077 (4th Cir. 1986). These

3

factors include:

> (1) the time and labor required;
> (2) the novelty and difficulty of the questions;
> (3) the skill requisite to properly perform the legal service;
> (4) the preclusion of other employment by the attorney due to acceptance of the case;
> (5) the customary fee;
> (6) whether the fee is fixed or contingent;
> (7) time limitations imposed by the client or the circumstances;
> (8) the amount involved and the results obtained;
> (9) the experience, reputation, and ability of the attorneys;
> (10) the "undesirability" of the case;
> (11) the nature and length of the professional relationship with the client; and
> (12) awards in similar cases.

*Id.* at 1075 n.2 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

In addition, district courts "should exclude from [the] initial fee calculation hours that were not 'reasonably expended.'" *Hensley*, 461 U.S. at 434 (quoting S. Rep. No. 94-1011, at 6 (1976)). Further, "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Id.* at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)). The Fourth Circuit has held that, "[a] fee based upon reasonable rates and hours is presumed to be fully compensatory without producing a windfall." *Daly*, 790 F.2d at 1078.

### III. DISCUSSION

Plaintiffs seek attorneys' fees and costs in the amount of $127,857.50. Plaintiffs initially requested $86,260.00 in attorneys' fees and $2,093.05 in costs. In their Reply, Plaintiffs added an additional $39,504.45 in "fees on fees" for the costs incurred in preparing their application for attorneys' fees. Plaintiffs' application for attorneys' fees is supported by billing statements and declarations from lead counsel Conrad M. Shumadine and attorney Hunter W. Sims, Jr.

Plaintiffs argue that a reduction in their fees and costs is not warranted because Defendant protracted litigation although Plaintiffs offered to cap fees prior to the filing of summary judgment motions if Defendant would concede that they violated FOIA and produce nonexempt documents. Plaintiffs also note that lead counsel has already discounted his services because of his longstanding relationship representing Plaintiff Virginia Pilot Media Companies, LLC.

Plaintiffs assert that fees incurred during the administrative proceedings were necessary to evaluate whether a suit could be filed and that consultation with the Media Law Resource Center and the New York Times was necessary to obtain guidance on this matter in an attempt to reduce the expenses of litigation. Further, Plaintiffs argue that litigation after the Defendant produced documents was necessary for a ruling that the Defendant violated FOIA, Plaintiffs are the prevailing parties, and Plaintiffs are entitled to attorneys' fees.

Plaintiffs also assert that they were successful in pursuing their claim and no reduction is warranted for unsuccessful efforts to obtain a *Vaughn* index, *in camera* inspection, and discovery because these efforts were necessary to litigate this case. Plaintiffs argue that the Defendant's noncompliance with FOIA made litigation protracted and a fee award must be sufficient to deter noncompliance with FOIA and encourage counsel to vindicate public rights pursuant to FOIA. Plaintiffs also note that Defendant did not submit any counter declarations to meet their burden in challenging the fee petition.

Defendant contends that a number of reductions from Plaintiffs' fee request are appropriate. Defendant challenges the reasonableness of the fee amounts for non-attorney services and suggests a rate of $145/hour for non-attorney support personal based on prior case law. Defendant asserts that because Plaintiffs do not address *Johnson* factors 4, 6, and 7, they are inapplicable. With respect to factors 1 and 2, Defendant asserts that this case did not involve

protracted litigation and proceeded as a normal FOIA case. With respect to factor 8, Defendant argues that the results were not extraordinary and the complaint alone triggered the release of documents, not subsequent litigation efforts. Defendant asserts that although Plaintiffs obtained 93 documents, more than three times the 29 documents initially disclosed, this was only approximately 10% of the 889 total documents. Defendant also asserts that Plaintiffs' attempts to obtain further disclosures from Defendant through litigation efforts were unsuccessful.

In considering factor 12, Defendant asserts that in addition to cases Plaintiffs cited, the Court should also consider FOIA cases where fee awards were lower than those requested in this matter. With respect to factor 10, Defendant argues that this case was not undesirable because Plaintiffs' attorneys have experience with FOIA matters. Defendant also argues that fees incurred related to administrative proceedings should be disallowed because they were incurred prior to the filing of the complaint and expenses to review the released documents should also be disallowed because Plaintiffs would have had to review the documents even if litigation did not occur. Additionally, Defendant asserts that litigation expenses incurred after the last release of documents, except for fees for preparing the fee request, should be disallowed.

Furthermore, Defendant argues that expenses incurred for unproductive efforts should be disallowed, including Plaintiffs' efforts to obtain discovery and requests for a *Vaughn* index and *in camera* inspection, which the Court denied. Defendant asserts that Plaintiffs devoted substantial time to those unsuccessful efforts warranting a $9,327.50 reduction. Lastly, Defendant argues that time spent on the fee petition was not adequately documented in Plaintiffs' initial fee petition because the 50 hours claimed appear to relate to Plaintiffs' summary judgment motion. Moreover, Defendant argues that Plaintiffs' counsel should further discount their rates because Plaintiff Virginia-Pilot Media Companies, LLC is a longstanding client. Defendant

contends the appropriate lodestar is $12,364.00 after these reductions. Defendant also requests that the Court determine whether an additional percentage reduction is appropriate to reflect the overall degree of Plaintiffs' success.

A proper fee award is determined by calculating a "lodestar fee." *Brodziak v. Runyon*, 43 F.3d 194, 196 (4th Cir. 1998). The lodestar fee is calculated by multiplying the number of reasonable hours expended times a reasonable rate. *Id.* In determining reasonable attorneys' fees, the Court must also apply the twelve factors set forth in *Johnson*. *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 266 (4th Cir. 1978) (adopting the twelve factor test used in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). The Fourth Circuit has held that the "district court is under no obligation to go through the inquiry of those [*Johnson*] factors that do not fit." *In re A.H. Robins Co., Inc.*, 86 F.3d 364, 376 (4th Cir. 1996). Therefore, the Court will only address the applicable *Johnson* factors.

### A. Reasonableness of Rate

The Court will begin its analysis with consideration of the reasonableness of the hourly rates in Plaintiffs' fee request. The reasonable rate is "to be calculated according to the prevailing market rates in the relevant community." *Blum v. Stevenson*, 465 U.S. 886, 895 (1984). Any required special skill or experience is "reflected in the reasonableness of the hourly rates." *Id.* at 898. Aside from "the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." *Grissom v. The Mills Corp.*, 549 F.3d 313, 323 (4th Cir. 2008) (quoting *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)). Affidavits from local attorneys attesting to the reasonableness of hourly rates will meet this requirement. *Robinson v. Equifax Info. Servs, LLC*, 560 F.3d 235, 245 (4th Cir. 2009). The third, fifth, sixth, and ninth

*Johnson* factors concern the reasonable rate. These factors include the skill required; the customary fee; whether the fee is fixed or contingent; and the experience, reputation, and ability of the attorneys. *Daly v. Hill*, 790 F.2d 1071, 1075 n.2 (4th Cir. 1986).

Plaintiffs cite numerous cases to support the prevailing attorney market rates in this district and the reasonableness of their rates charged. *See Am. Bird Conservancy v. U.S. Fish & Wildlife Serv.*, 110 F. Supp. 3d 655, 674 (E.D. Va. 2015) ("[C]ourts in this district have generally recognized rates of up to $420 per hour for partners and $250 to $300 per hour for associates as reasonable and appropriate for cases similar in nature, difficulty, and complexity to the instant [FOIA] case."); *Two Men & a Truck/Int'l, Inc. v. A Mover Inc.*, Civil A. No. 2:14cv248, 2015 U.S. Dist. LEXIS 45473, at *12-13 (E.D. Va. Apr. 7, 2015) (approving as reasonable $600 per hour rate for attorney with nearly 30 years of experience, $400 per hour for associate with six years of experience, and $250 per hour for paralegal in an intellectual property case); *Lake Wright Hosp., LLC v. Holiday Hosp. Franchising, Inc.*, Civil A. No. 2:07cv00530, 2009 U.S. Dist. LEXIS 122113, at *18-20 (E.D. Va. Oct. 23, 2009) (approving as reasonable in breach of contract case $465 per hour rate for attorney with nearly 20 years of experience and $350 per hour rate for a litigator with 15 years of experience).

The Court notes *Am. Bird Conservancy v. U.S. Fish & Wildlife Serv.* provides the most guidance as it is the only FOIA matter. The Court also considered other case law awarding attorneys' fees in this district in analyzing the reasonableness of Plaintiffs' rates. *See Carr v. Rest Inn, Inc.*, No. 2:14-cv-609, 2015 WL 5177600, at *3-4 (E.D. Va. Sept. 3, 2015) ("The billable rate charged by lead counsel was $275 per hour for work performed prior to January 1, 2015, and $310 per hour for work performed after that date. Work was also performed by attorney Haddad, an experienced senior trial lawyer who spent 18.25 hours on the case, billing at

a rate of $500 per hour. The remaining time was divided between attorney Talbert (3 total hours billed at $375 per hour for time spent before January 1, 2015 and $395 per hour for time after January 1, 2015), attorney Rasberry (1 hour at $225 per hour) and paralegals Scott and Ellis (4 hours total billed at $75 per hour)."); *Patel v. Barot*, 15 F. Supp. 3d 648, 657 (E.D. Va. 2014) ("The hourly rate averages out to approximately $204.50. While the Court was not provided a complete breakdown of the fees, this award is consistent with other cases in the district."); *Winningear v. City of Norfolk*, Civ. A. No. 2:12cv560, 2014 WL 3500996, at *6 (E.D. Va. July 14, 2014) ("This is a composite average figure of approximately $312/hour between the attorneys and paralegals."); *Hargrove v. Ryla Teleservices, Inc.*, No. 2:11cv344, 2013 WL 1897027, at *6 (E.D. Va. Apr. 12, 2013) ("After a review of recent fee awards in FLSA cases in the Eastern District of Virginia, the undersigned recommends that the following reduced rates should be applied when calculating the lodestar: $350/hour for attorneys Jim Kastor and Matt Morgan; $250/hour for attorneys David Schlesinger, Sarah Steenhoek and Timothy Selander; and, $100/hour for their staff.").

While the Parties agree on the attorneys' rates, the Court finds Plaintiffs do not provide any support for the rate of attorney S.N. Gilbert of $275 per hour nor any explanation for attorney Sims' variable rate of $500 and $525 per hour. The fees for these two attorneys were included in the billing statement for preparation of the fee petition submitted as an exhibit with Plaintiffs' Reply. There is no mention of attorney Gilbert in the declarations to support her background and experience. However, as the Court finds a reduction in the overall fees for preparation of the fee petition appropriate, the Court will reduce a percentage of the fees below rather than reducing these attorneys' rates.

Therefore, with the exceptions noted above, the Court otherwise accepts the reasonableness of the attorneys' rates. Plaintiffs' attorneys are competent with extensive legal experience, including experience with FOIA litigation. Plaintiffs detail the backgrounds, experience, and qualifications of the attorneys involved, except attorney Gilbert, in declarations from lead counsel and a local attorney not involved in this matter. Plaintiffs' also note that lead counsel discounted his fees when attorneys' fees exceeded Plaintiffs' budget because of his longstanding representation of Plaintiff Virginia Pilot Media Companies, LLC.

Defendant contests the rates for non-attorney support personnel. Mr. Sims indicates in his declaration that Ms. Yoder, a paralegal, has been with the firm for over 20 years. The Court finds her rate of $155 reasonable given her experience and case law indicating paralegals' rates in this district. Aside from their paralegal, Plaintiffs do not provide sufficient support for the rates of other non-attorney support personnel. Plaintiffs do not provide any information detailing the background and expertise of a law librarian and summer associate with rates higher than that of the paralegal, $185 and $190 per hour respectively. Mr. Sims opines in his declaration that the fees are reasonable given his knowledge of the work done by law librarians and summer associates. However, there is no support to indicate that these rates are commensurate with market rates for these services in the Norfolk Division of the Eastern District of Virginia where this Court sits.

Plaintiffs in their brief and Mr. Sims in his declaration cite *American Bird Conservancy v. U.S. Fish & Wildlife Service, et al.*, 110 F. Supp. 3d 655, 674 (E.D. Va 2015), outlining various attorney rates and a law clerk rate of $145 as reasonable in FOIA matters as support for the rates Plaintiffs charged in this matter. As this is the only support for non-attorney rates Plaintiffs provide, the Court will reduce the rate charged for the law librarian and summer associate to

10

$145 per hour. Accordingly, the law librarian's fees are reduced to $1928.50 (13.3 hours x $145) and the summer associate's fees are reduced to $4712.50 (32.50 hours x $145), resulting in a total reduction of $2,011.50 from Plaintiffs' fees. *See* ECF Nos. 70-4, 74-1 (indicating the hours and rates billed for the law librarian and summer associate).

**B. Reasonableness of Hours Expended**

The Court will turn to the reasonableness of hours Plaintiffs expended as the second step in calculating the lodestar. Plaintiffs provided billing statements and declarations from lead counsel and an independent attorney to support the reasonableness of their hours expended. Defendant challenges an award of fees for certain litigation efforts including hours billed for the administrative phase prior to litigation, litigation subsequent to the final release of documents, unsuccessful attempts to obtain discovery, consultation with representatives from the Media Law Resource Center and the New York Times, and for the review of released documents.

The Court finds a reduction is warranted for hours billed during the administrative phase prior to litigation commencing. FOIA provides for attorneys' fees incurred during litigation, not during the initial administrative phase of a FOIA request. 5 U.S.C.A. § 552 (a)(4)(E)(i) ("The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed."); *Maryland v. U.S. Dep't of Veteran Affairs*, 130 F. Supp. 3d 342, 353 (D.D.C. 2015) ("FOIA does not provide for the recovery of attorney fees incurred during the administrative process."); *Queen Anne's Conservation Ass'n v. U.S. Dep't of State*, 800 F. Supp. 2d 195, 201 (D.D.C. 2011) ("This Court has held that 'FOIA does not authorize fees for work performed at the administrative stage.' ... A FOIA litigant entitled to attorney's fees may only recover fees and costs incurred in litigation.") (citing *Northwest Coalition for Alternatives to Pesticides v.*

*Browner,* 965 F.Supp. 59, 65 (D.D.C. 1997); *Piper v. U.S. Dep't of Justice,* 339 F.Supp.2d 13, 23 (D.D.C. 2004)). While it may be necessary for Plaintiffs' attorneys to review actions taken during the administrative proceedings for litigation purposes, tasks completed during administrative proceedings are not compensable under FOIA. Accordingly, a reduction of $1,840.00 for 4.6 hours billed during the administrative proceedings is appropriate. *See* ECF No. 70-4.

The Court also finds a reduction is warranted for the fees incurred in preparing the fee petition. Plaintiffs seek $39,504.45 in "fees on fees" for 97.30 hours billed for preparing and litigating their application for attorneys' fees. This includes $9,595.70 in fees and costs for the preparation of Mr. Sims' declaration. The Court finds the "fees on fees" amount to be excessive given it is nearly one-third of the overall $127,857.50 sought for attorneys' fees in litigating this matter. The issue of a proper award of attorneys' fees is not complex, especially in contrast to the previous contentions in this case. Plaintiffs should be familiar with their own billing statements and the work done in this case. The extensive hours Plaintiffs billed for reviewing billing records, researching attorneys' fees issues, and conferences discussing attorneys' fees issues are not reasonable. Further, as noted above, the Court finds sufficient support was not submitted for the rates of attorney Gilbert and attorney Sims billed for preparation of the fee petition.

Accordingly, the Court finds a significant reduction appropriate for "fees on fees" billed for preparing the fee petition. The Fourth Circuit has held that it is not an abuse of discretion for a district court to reduce the award for time spent preparing and arguing a fee petition where there is "no dispute as to the attorney's entitlement to fees, and the attorneys and the court were 'thoroughly familiar' with the case" because "[t]he district court was in the best position to

determine the amount of time reasonably necessary under the particular circumstances." *Daly v. Hill*, 790 F.2d 1071, 1080 (4th Cir. 1986). Therefore, the Court finds appropriate a reduction of $24,006.00, approximately 60% of the "fees on fees" award, from fees billed in preparing the fee petition.

After tedious review of Plaintiffs' billing statements, the Court finds that no further reductions are appropriate. Although Plaintiffs' litigation efforts did not result in the release of additional documents, Plaintiffs were entitled to seek enforcement of FOIA through non-frivolous litigation. Defendant's preemptive release of documents in response to Plaintiffs filing their Complaint did not preclude Plaintiffs from further litigation. Further, contrary to the cases Defendant cites, Plaintiffs' litigation efforts were not primarily aimed towards challenging Defendant's claims of exemptions to withheld material. Plaintiffs' suit predominantly challenged Defendant's compliance with FOIA during the administrative phase and sought compliance through disclosure of all responsive documents. In this suit, Plaintiffs challenged the adequacy of Defendant's search during the administrative phase and the applicability of exemptions Defendant claimed. Defendant asserted certain exemptions applied to withheld material prior to litigation and reasserted these exemptions during litigation. Plaintiffs naturally responded to the exemptions claimed during litigation to advocate their position.

Additionally, further litigation was also necessary to obtain a ruling from the Court that Plaintiffs were the prevailing parties and entitled to attorneys' fees. A plaintiff must substantially prevail in order to be awarded attorneys' fees. 5 U.S.C.A. § 552 (a)(4)(E)(i). FOIA provides, "For purposes of this subparagraph, a complainant has substantially prevailed if the complainant has obtained relief through either-- (I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if

the complainant's claim is not insubstantial." 5 U.S.C.A. § 552 (a)(4)(E)(ii). Defendant did not voluntarily change its position during litigation. Therefore, litigation after the final release of documents was necessary for Plaintiffs to obtain a ruling from the Court for an award of attorneys' fees pursuant to FOIA.

Lastly, Plaintiffs are entitled to fees for consultations with outside resources and reviewing released documents. Consultation with representatives from the Media Law Resource Center and the New York Times regarding FOIA litigation were reasonable and minimal expenses related to litigating this suit totaling only 1.90 hours. Further, the billing entries for these consultations are sufficiently detailed describing efforts to obtain and the receipt of information regarding FOIA litigation from these resources. Additionally, although review of released documents would have been necessary had they been released during the administrative FOIA proceedings prior to litigation, review of these documents was also necessary for purposes of litigation in order for Plaintiffs to support their Motion for Summary Judgment and continue to advocate their position in this matter. The content of these documents was particularly relevant to Defendant's compliance with FOIA during the administrative proceedings.

Accordingly, with the exception of hours reduced for fees incurred during administrative proceedings and excessive hours billed for preparation of the fee petition, the Court otherwise finds that Plaintiffs' hours expended during litigation of this matter were fair and reasonable. The Court has considered the *Johnson* factors in determining the reasonable hours expended. Although contentious, this matter was not complex and did not present novel or difficult questions. *See Am. Bird Conservancy v. U.S. Fish & Wildlife Serv.*, 110 F. Supp. 3d 655, 674 (E.D. Va. 2015) ("FOIA cases—as compared to many other federal question cases such as patent infringement cases, securities fraud cases, ERISA cases, and trademark infringement cases—are

not particularly difficult."). However, Plaintiffs spent ample time litigating in support of their position and against Defendant's opposition. Plaintiffs' results were successful in ultimately obtaining 93 pages of responsive material and Defendant's compliance with FOIA. While Defendant cites cases awarding less in attorneys' fees, the Court finds those cases were less protracted and contested than this matter. The most appropriate comparison of an attorneys' fee award in a FOIA matter is *Am. Bird Conservancy v. U.S. Fish & Wildlife Serv.*, 110 F. Supp. 3d 655 (E.D. Va. 2015), awarding a total of $106,070.60 in attorneys' fees and costs where the case similarly reached summary judgment after the defendant released documents in response to the plaintiff filing a complaint. Therefore, after taking into account the reductions noted above, the Court finds a lodestar amount of $100,000.00 fair and reasonable.

## C. Reduction for Unrelated and Unsuccessful Claims and Degree of success

After calculating the lodestar and applying the *Johnson* factors, the Court should subtract fees for unsuccessful claims and award a percentage based on the result achieved for the plaintiff. *Grissom v. The Miller Corp.*, 549 F.3d 313, 321 (4th Cir. 2008) (citing *Johnson v. City of Aiken*, 278 F.3d 333, 337 (4th Cir. 2002)). The Supreme Court has noted that "even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith," in assessing reasonable attorneys' fees, "the most critical factor is the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983); see also *Jackson v. Estelle's Place, LLC*, 391 F. App'x 239, 244 (4th Cir. 2010) (citing this concept in *Hensley* in approving the district court's reduction of attorneys' fees because of the "'modest value' of the successful claims").

Plaintiffs prevailed on the only claim in their Complaint. Therefore, there were no unsuccessful claims and a reduction on this point is not necessary. *See McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013), *as amended* (Jan. 23, 2014). Finally, the Court must consider

reducing the fee to account for the degree of success attained by Plaintiffs' counsel. The degree of success in this matter is not purely indicated by the total number of documents disclosed. This suit was successful in procuring Defendant's compliance with FOIA pursuant to the statute's requirements and provision approving litigation for this purpose. Given Plaintiffs' success in achieving the release of 93 documents and disclosure of the existence of 889 responsive documents when Defendant initially only indicated the existence of 29 documents that were entirely withheld, Plaintiffs were adequately successful in this FOIA litigation and a reduction related to the degree of success is not warranted.

## IV. CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Attorneys' Fees is **GRANTED** in Part and **DENIED** in Part. The request to approve $127,857.50 in attorneys' fees is **DENIED**. After review of the petition, the Court finds it appropriate to reduce the fee request. The Court hereby **APPROVES** $100,000.00 in attorneys' fees and costs.

Defendant is **ORDERED** to pay Plaintiff $100,00.00.

The Clerk is **DIRECTED** to send a copy of this Order to counsel of record.

**IT IS SO ORDERED**.

Norfolk, Virginia
August /0 , 2016

Raymond A. Jackson
United States District Judge